| | |
|---|---|
| JONATHAN WILSON | |
| vs. | LAND OFFICE, 8TH OF FEBRUARY, 1851. |
| JACOB MARKLE. | |

[PRACTICE IN THE LAND OFFICE.]

IT is the settled rule of the land office, that a patent will not be granted for lands taken up under a warrant of resurvey, which are not contiguous.

A party has the right to abandon the land which was not liable to be taken up under his warrant, and have the survey corrected to this extent, but he cannot at the same time keep open the question whether a correction is necessary at all.

———

[A certificate for "Conway," being a survey returned upon an escheat warrant to affect certain soldier's lots in Alleghany

county, taken out by Jonathan Wilson was *caveated* by James Condy and Jacob Markle. 1st, because the lots named in the survey as contiguous are in fact separate and distinct; 2d, because the certificate of survey attempts, contrary to law and practice, to connect lots which are separate by intervening vacancy, and thereby make them contiguous; 3d, because the plat and certificate by failing to gratify the calls of the original patents of these lots create vacancies where in fact none existed; and, 4th, because the certificate includes land already granted. A certificate for "Summit Point," owned by Markle, was caveated by Wilson, as was also a certificate for "Sacramento." Upon these several caveats the Chancellor delivered the following opinion.]

THE CHANCELLOR:

It seems to be the undisputed law of the land office, that a patent will not be granted for lands taken up under a warrant of resurvey which are not contiguous. And with regard to the certificate of "Conway," it is quite apparent, that the necessary contiguity has been effected by shortening the lines of some of the original lots. This abridging the lines is not denied, but it is attributed to the mistake of the surveyor and the suggestion is made that if the certificate is sent back for the purpose of correction and the lines are extended to their full length, vacancies will still be found, and the required contiguity shown to exist.

It is also suggested on the part of Mr. Wilson, that he is entitled to abandon a portion of the lots comprehended in his survey and take a patent for such as are contiguous.

This right to abandon that which was not liable to be taken up under his warrant, and take the lands which were liable, can scarcely be disputed. *Hoffman* vs. *Walker, Landholders' Assistant*, 420. But then not content with this, the same party asks that another question may be kept open and undecided affecting the rights of other parties, for the purpose of ascertaining whether the surveyor did not make the mistake which has been imputed to him.

The Chancellor does not think that upon a mere suggestion of error like this he would be justified in suspending the decision of a question affecting the rights of other parties, who, having complied with the regulations of the land office, ask to have their titles perfected.

The right of Mr. Wilson to have his certificate corrected, so as to throw out the land to which he is not entitled, and take that to which he is, and which at the time of his survey, or of his warrant, (in case the title commences with the warrant,) had not been located by the warrant of another party is one thing. But his right to have this done, and also to keep open the question whether a correction is necessary, is another and a very different thing.

If Mr. Wilson, conceding he has concluded in his survey, land which was not subject to his warrant, asks to have it corrected, this may be done, and he will be entitled to a patent for the land which his warrant did reach, provided some other person had not acquired a previous title thereto, according to the laws of the land office. But when a party asks for a correction he must be understood as admitting that there is something to correct. He cannot be allowed when making such an application to say, if you will give me an opportunity I will show that there is no necessity for a correction at all. The right rests upon a conceded error and can only be claimed upon that concession.

My opinion, therefore, is, that the *caveats* to "Conway," must be ruled good, and if the defendant thinks proper, he may have an order correcting his certificate to the effect and for the purpose before mentioned.

These views are believed to be in accordance with the case of *Hoffman* vs. *Walker*, already referred to, and that of *Issacher & Schofield* vs. *Beall, Landholders' Assistant, pp.* 420, 421.

I do not find any thing urged by the caveator, or in fact, among the proceedings, any objection to the certificate for "Sacramento," and, therefore, that *caveat* must be overruled.

With regard to the certificate for "Summit Point," the objection rests upon the allegation that it includes Lot No. 1168,

which, as contended, has already been patented to Templeman and Stewart, in the tract called "Harrison." But upon a careful examination of the certificate of "Harrison," I do not find that it embraces Lot No. 1168, and, therefore, the objection being founded upon a mistake in point of fact, of course must fail.

The *caveat* of the certificate for "Amber," which includes Lot No. 1165, is not now for hearing, and, therefore, no opinion will be expressed with regard to it.

It is, thereupon, ordered that the *caveats* to the certificate for "Conway," be, and the same are hereby ruled good, and that those to the certificates for "Sacramento," and "Summit Point," be, and the same are hereby overruled, and that the costs in each case to be taxed by the Register, be paid by the party against whom the order is made.

---

F. A. SCHLEY and FRANK H. STOCKETT, for Condy & Markle.
WM. PRICE, for Wilson.

